# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| DERRICK REESE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CR609-035 |
| ) | CV611-057 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Having unsuccessfully litigated an untimely 28 U.S.C. § 2255 motion two years ago, CR609-035, doc. 85, *reported at* 2012 WL 70680, *adopted*, doc. 89, *aff'd*, doc. 93,[1] Derrick Reese is back with a second (hence, successive) § 2255 motion, masquerading as a 28 U.S.C. § 2241 motion. Doc. 96 at 1. To justify his resort to § 2241, he claims to challenge only his sentence, doc. 96 at 1, then cites new case law, a change in U.S. Department of Justice policy about using sentencing enhancements to coerce guilty pleas, and U.S. Sentencing Guidelines. *Id.*

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination, which may not always line up with each paper-document's pagination.

at 3-13. Upon preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings, his motion must be recognized for what it is -- a successive § 2255 motion -- then dismissed for lack of jurisdiction.

"Typically, challenges to the validity of a federal sentence are made via § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003)." *Candelario v. Warden*, 2014 WL 6056234 at * 1 (11th Cir. Nov. 14, 2014). Section 2255 does have a "savings clause" that permits a 2241 petition, but it "is 'generally reserved for challenges to [the] *execution* of a sentence or the nature of confinement, not the *validity* of the sentence itself or the fact of confinement,' *Bryant v. Warden*, 738 F.3d 1253, 1288 (11th Cir. 2013). . . ." *Candelario*, 2014 WL 6056234 at * 1 (emphasis added). Even at that, Reeese must establish that § 2255's remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Sawyer*, 326 F.3d at 1365; *Candelario*, 2014 WL 6056234 at * 1.

As the *Candelario* court points out, "[t]he savings clause is a jurisdictional provision, *Williams v. Warden*, 713 F.3d 1332, 1338 (11th Cir. 2013); a petitioner bears the burden of showing that § 2255 is

2

inadequate or ineffective before the district court can review his § 2241 petition, *Turner v. Warden*, 709 F.3d 1328, 1333 (11th Cir. 2013). [A]nd t]he restrictions imposed by § 2255(h) on filing second or successive motions do *not* render it inadequate or ineffective for purposes of the savings clause." *Candelario*, 2014 WL 6056234 at * 1 (emphasis added); *see also Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1275 (11th Cir. 2014) (movant's claim, that counsel was ineffective in advising him to plead guilty, could have been raised in a § 2255 motion, so § 2255's savings clause provided no basis for allowing him to seek habeas relief; no circuit precedent had foreclosed prisoner from raising the ineffective assistance claim in a motion to vacate sentence).

Reese comes nowhere close to meeting the savings clause requirement. Indeed, he raises ineffective assistance of counsel claims, doc. 96 at 3-4, which in effect challenges the validity of his *conviction*, not just the resulting sentence. And he fails to show how what he cites as new authority would authorize relief in *his* case, much less meet the savings-clause criteria. It is clear that Reese is simply trying to revive his untimely first § 2255 motion.

It follows that Reese, in substance, presents "a second or successive motion to vacate, [so] he must first obtain an order from [the Eleventh Circuit] authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without [that] authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion to vacate. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)." *Boykin v. United States*, 2014 WL 6466846 at * 2 (11th Cir. Nov. 19, 2014). His 2241 motion, doc. 96, which in reality is a § 2255 motion,[2] therefore must be **DISMISSED**.[3]

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); And, as there are no non-frivolous issues to raise on appeal, an appeal

---

[2] Only if this latest motion could be deemed his first § 2255 motion would the Court be required to inform him of his § 2255 characterization and thus permit him to withdraw or amend his motion, per *Castro v. United States*, 540 U.S. 375, 383 (2003). *See United States v. Harris*, 546 F. App'x 898, 900 (11th Cir. 2013). But it is not.

[3] The government cites *Rumsfeld v. Padilla*, 542 U.S. 426, 442-443 (2004) and argues that, since Reese is confined in the Eastern District of Kentucky, this Court does not have jurisdiction over any § 2241 claim. Doc. 97 at 2. However, nomenclature does not control, substance does. This is a § 2255 motion, not a § 2241 petition.

4

would not be taken in good faith.' Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  22nd  day of January, 2015.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA