# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

DERRICK REESE,                        )
                                       )
        Movant,                        )
                                       )                    CV615-015
v.                                     )        Case No. CR609-035
                                       )                    CV611-057
UNITED STATES OF AMERICA,   )
                                       )
        Respondent.                   )

## REPORT AND RECCOMENDATION

Guilty-plea convicted of drug charges in 2009, doc. 47,[1] Derrick

Reese unsuccessfully litigated an untimely 28 U.S.C. § 2255 motion in

2010, CR609-035, doc. 85, *reported at* 2012 WL 70680, *adopted*, doc. 89,

*aff'd*, doc. 93, and in 2014 filed a second (hence, successive) § 2255

motion masquerading as a 28 U.S.C. § 2241 motion. Doc. 96 (motion);

docs. 98 & 102 (R&R adoption and judgment dismissing it as successive).

Now he is back with another § 2255 motion, though he did not use the

Court's form § 2255 motion, which would have required him to disclose

---

[1]  The Court is citing only to the criminal docket and using its docketing software's
pagination, which may not always line up with each paper-document's pagination.

prior § 2255 motions, which he has not done. CV615-015, doc. 1 (raising ineffective assistance, lost-appeal and other claims). Unsurprisingly, Reese does not even acknowledge, much less try, to overcome the successiveness bar. *Id.* at 1-29.

Since this is a successive motion, Reese must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). In fact, this Court *must* dismiss second or successive petitions without awaiting any response from the government, absent prior approval by the court of appeals. *Tompkins v. Sec'y, Dep't of Corrs.*, 557 F.3d 1257, 1259 (11th Cir. 2009). "This is true even if the latter petition purports to raise new claims." *Thornton v. Fortniss*, 2015 WL 300396 at *2 (N.D. Ala. Jan. 22, 2015); *Scott v. United States*, ___ F. Supp. 3d ___, 2015 WL 310604 at * 8 (M.D. Fla. Jan. 26, 2015) (government disclosed previously withheld *Brady* and *Giglio* violations after first § 2255 motion was litigated; held, second § 2255 motion raising those claims is successive but movant could seek Eleventh Circuit's permission to re-file it).

Because Reese has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider

it. Consequently, it should be **DISMISSED** as successive. Applying the

Certificate of Appealability (COA) standards set forth in *Brown v. United*

*States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court

discerns no COA-worthy issues at this stage of the litigation, so no COA

should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous

issues to raise on appeal, an appeal would not be taken in good faith.

Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

28 U.S.C. § 1915(a)(3).

Finally, Reese is warned not to file any more § 2255 motions (even

those disguised as something else) unless he can meet an exception to the

successiveness bar. *See, e.g., Shivers v. United States*, 427 F. App'x 697,

700 (11th Cir. 2011) (prisoner was a vexatious litigant, warranting

sanctions, where, after denial of writ of habeas corpus, he filed nine post-

conviction motions and petitions, four of which he followed with

unsuccessful motions for reconsideration, six of the motions and

petitions sought to challenge validity of his conviction on basis of

allegedly defective or fraudulent search warrants and affidavits, district

courts had repeatedly instructed him that his claim was not cognizable

unless he was granted permission to raise it in a successive habeas

motion, which had not been granted, and prisoner continued to raise

claim that he was statutorily prohibited from pursuing); *Llovera v. Florida*, 2014 WL 1384368 at \*10 (S.D. Fla. Apr. 9, 2014) ("Because the Petitioner has already presented the present claims and has been denied relief, he should be required to show cause why he should not be prohibited from attacking his order of removal and the underlying Florida convictions with *in forma pauperis* status in the future.").[2]

**SO REPORTED AND RECOMMENDED,** this 24th day of February, 2015.

_M. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] *See also United States v. Perkins*, 424 F. App'x 328, 329 (5th Cir. 2011) (sanctioning forewarned, serially filing federal inmate "$455, payable to the clerk of this court," and until he paid it he could file no more pleadings of any kind challenging his conviction); *Mitchell v. Pearson*, 390 F. App'x 407, 408 (5th Cir. 2010) (after affirming the denial of a baseless 28 U.S.C. § 2241 petition filed by movant who failed to show why § 2255 was not an adequate remedy, court cautioned movant that he would face sanctions, including "monetary sanctions," for "any future frivolous, repetitive, or otherwise abusive filings. . . ."); *Perez v. Thaler*, 2014 WL 4929243 at \* 5 (S.D. Tex. Sep. 30, 2014) ("Perez is hereby warned that further efforts to challenge his imprisonment or conviction in this cause that do not comply with the requirements for relief pursuant to 28 U.S.C. §§ 2244 and 2254 will be sanctioned.").